UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WOJCIECH POLANSKI and MARIOLA POLANSKI, <br><br> Plaintiffs, <br><br> v. <br><br> US BANK N.A.; et al., <br><br> Defendants. | 3:11-cv-0356-LRH-VPC <br><br> ORDER |

Before the court is plaintiffs Wojciech and Mariola Polanski's ("the Polanskis") motion to remand this action to the Second Judicial District Court of the State of Nevada. Doc. #3.[1] Defendants filed an opposition (Doc. #8) to which the Polanskis replied (Doc. #9).

**I.      Facts and Procedural History**

This is an action for loss of personal property. On April 19, 2011, the Polanskis filed a complaint against defendants in state court. Doc. #1, Exhibit 1. Defendants removed the action to federal court based upon diversity jurisdiction. Doc. #1. Thereafter, the Polanskis filed the present motion to remand. Doc. #3.

**II.     Legal Standard**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district

---

[1] Refers to the court's docket entry number.

1  courts of the United States have original jurisdiction, may be removed by the defendant or the
2  defendants, to the district court of the United States for the district and division embracing the
3  place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction
4  over civil actions where the suit is between citizens of different states and the amount in
5  controversy, exclusive of interest and costs, exceeds $75,000.00. 28 U.S.C. § 1332(a). In a diversity
6  case, if a complaint does not specify the amount of damages, "the removing defendant bears the
7  burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds
8  $[75],000.00." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

9  Removal of a case to a district court may be challenged by motion. 28 U.S.C. § 1441(c). A
10 federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are
11 construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas*
12 *Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.
13 1992).

14 **III.   Discussion**

15 The Polanskis concede that the parties are diverse for diversity jurisdiction, but argue that
16 defendants' notice of removal is insufficient to prove, by a preponderance of the evidence, that the
17 amount in controversy exceeds $75,000.00. The Polanskis' complaint only requests damages in
18 excess of $10,000.00 as required under the Nevada Rules of Civil Procedure. Further, the Polanskis
19 allege that the value of the property loss is roughly $20,000. Thus, on the face of the complaint, it is
20 not facially evident that the amount in controversy exceeds $75,000. Therefore, the Polanskis
21 contend that the exercise of diversity jurisdiction over this matter is improper.

22 In opposition, defendants argue that the amount in controversy is satisfied because the
23 Polanskis are also requesting punitive damages and attorney's fees in their complaint. Generally,
24 the amount in controversy may be satisfied by all of a plaintiff's claims for damages, including
25 attorney's fees and punitive damages. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir.

26

2005). However, the mere possibility of an award of attorney's fees or punitive damages is not sufficient to prove that the amount in controversy has been met. In order to meet their burden for removal, defendants must present evidence indicating the amount of punitive damages the Polanskis seek will, more likely than not, exceed the amount needed to increase the amount in controversy to $75,000. *See McCaa v. Massachusetts Mutual Life Insurance Company*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004); *see also, Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Here, defendants have failed to provide the court with sufficient evidence to establish that the amount in controversy will be exceeded by an award of punitive damages. Further, defendants have not shown that an award of punitive damages is a supportable claim in this action, nor has it established that any punitive damage award, if awarded, is more likely than not to bring the amount in controversy over $75,000. Thus, the court finds that defendants have failed to meet their burden to prove that the amount in controversy has been met. Accordingly, the court shall grant the Polanskis' motion and the matter shall be remanded for lack of jurisdiction.

IT IS THEREFORE ORDERED that plaintiffs' motion to remand (Doc. #3) is GRANTED. The present action, 3:11-cv-0356-LRH-VPC, is REMANDED to the Second Judicial District Court for the District of Nevada.

IT IS SO ORDERED.

DATED this 28th day of June, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE